**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
aapton@zlk.com
515 South Flower Street
18th and 19th Floors
Los Angeles, CA 90071
Tel: (213) 985-7290

*Attorneys for Lead Plaintiff Movant*
*Randall Scott and [Proposed]*
*Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY STOUT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SKYE BIOSCIENCE, INC., PUNIT DHILLON, KAITLYN ARSENAULT, and CHRISTOPHER G. TWITTY, <br><br> Defendants. | No.: 3:25-cv-03177-WQH-DEB <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF RANDALL SCOTT THERRELL FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** <br><br> Judge: Hon. William Q. Hayes <br> Date: February 23, 2026 <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:25-cv-03177-WQH-DEB

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT...................................................................................1

II.   ARGUMENT ...........................................................................................................3

   A.   The PSLRA Process for Selecting a Lead Plaintiff.....................................3

   B.   Mr. Therrell Is the "Most Adequate" Lead Plaintiff...................................5

      1.  Mr. Therrell Possesses the Largest Financial Interest............................5

      2.  Mr. Therrell Satisfies Rule 23's Typicality and Adequacy
          Requirements. ......................................................................................7

   C.   No Movant Can Rebut the Strong Presumption in Favor of Appointing
        Mr. Therrell as Lead Plaintiff. .................................................................9

III.  CONCLUSION .......................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Abrams v. Intuitive Surgical, Inc.,*

   No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873 (N.D. Cal. Nov. 18,

   2013)................................................................................................................4

*In re Aqua Metals Sec. Litig.,*

   No. 17-cv-07142-HSG, 2018 U.S. Dist. LEXIS 86889 (N.D. Cal. May 23,

   2018)................................................................................................................2

*In re Cavanaugh,*

   306 F.3d 726 (9th Cir. 2002)........................................................................4, 9

*Chung Luo v. Spectrum Pharms., Inc.,*

   No. 2:21-cv-01612-CDS-BNW, 2022 U.S. Dist. LEXIS 134113 (D. Nev. July

   28, 2022)..........................................................................................................6

*Crawford v. Honig,*

   37 F.3d 485 (9th Cir. 1994)............................................................................8

*Crews v. Rivian Auto., Inc.,*

   No. 2:22-cv-01524-RGK-Ex, 2022 U.S. Dist. LEXIS 118795 (C.D. Cal. July 1,

   2022)................................................................................................................5

*Doherty v. Pivotal Software, Inc.*,

No. 3:19-cv-03589- CRB, 2019 U.S. Dist. LEXIS 195360 (N.D. Cal. Nov. 8,

2019)................................................................................................................4

*Ferrari v. Gisch,*

225 F.R.D. 599, 606 (C.D. Cal. 2004) ............................................................7

*Ferreira v. Funko, Inc.*,

No. 20-cv-02319-VAP (PJWx), 2020 U.S. Dist. LEXIS 106515 (C.D. Cal.

June 11, 2020) ................................................................................................6

*Hufnagle v. Rino Int'l Corp.,*

No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771 (C.D. Cal. Feb.

14, 2011), *adopted*, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS

19760 (C.D. Cal. Feb. 16, 2011) ...................................................................9

*Knox v. Yingli Green Energy Holding Co. Ltd*.,

136 F. Supp. 3d 1159 (C.D. Cal. 2015) ......................................................1, 2

*Lax v. First Merchants Acceptance Corp.,*

No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17

(N.D. Ill. Aug. 6, 1997) .................................................................................5

*In re Olsten Corp. Securities Litig.,*

3 F. Supp. 2d 286 (E.D.N.Y. 1998)................................................................5

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:25-cv-03177-WQH-DEB

iv

*Robb v. Fitbit Inc.*,

   Case No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016)...................................................................................................................1

*Scheller v. Nutanix, Inc.*,

   No. 19-cv-01651-WHO, 2021 U.S. Dist. LEXIS 112372 (N.D. Cal. June 10, 2021)...................................................................................................................6

*In re Stitch Fix, Inc. Sec. Litig.*,

   393 F. Supp. 3d 833 (N.D. Cal. 2019) .................................................................4

*Takeda v. Turbodyne Techs., Inc.*,

   67 F. Supp. 2d. 1129 (C.D. Cal. 1999) ...............................................................2

*Twitchell v. Enovix Corp.*,

   No. 23-cv-00071-SI, 2023 LX 94728 (N.D. Cal. Apr. 28, 2023).......................6

*Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*,

   No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452 (C.D. Cal. Sep. 29, 2017)...............................................................................................................5

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23 ...............................................................................1, 4, 7, 8

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:25-cv-03177-WQH-DEB

v

## I.   PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to appoint a lead plaintiff in securities class actions asserting violations of the Securities Exchange Act of 1934. It instructs courts to appoint as lead plaintiff the movant with the largest financial interest in the litigation, so long as that movant satisfies the adequacy and typicality requirements under Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B). Under that directive, Movant Randall Scott Therrell is the "most adequate plaintiff" because he is the movant with the largest financial interest in the outcome of the litigation and otherwise satisfies the typicality and adequacy prongs of the Federal Rules of Civil Procedure 23 ("Rule 23").

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Courts in the Ninth Circuit have considered several different methodologies when determining a movant's financial interest, including the well-known *Olsten/Lax* factors: (1) number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Robb v. Fitbit Inc.*, Case No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *8 (N.D. Cal. May 10, 2016); *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015). Most courts have found that the fourth factor,

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:25-cv-03177-WQH-DEB

approximate loss suffered, is the most important factor and afford it the greatest weight in determining which movant has the largest financial interest. *Id*. (noting that "the last of these factors typically carries the most weight"); s*ee also In re Aqua Metals Sec. Litig.*, No. 17-cv-07142-HSG, 2018 U.S. Dist. LEXIS 86889, at *7 (N.D. Cal. May 23, 2018) (equating losses with greatest financial interest).

As the following table demonstrates, Mr. Therrell possesses the largest financial interest in the action under two of the four *Olsten/Lax* factors, including the most important factor, claimed loss.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Randall Scott Therrell | 125,552 | 25,335 | $198,634.04 | $165,426.08 |
| Scot Simon | 85,000 | 65,000 | $232,620.35 | $138,227.00 |

*See* ECF Nos. 3-4 and 4-2.

With approximately $30,000 more losses than the only other movant, Scot Simon, there can be no dispute that Mr. Therrell holds the "largest financial interest" in the action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B).

Moreover, Mr. Therrell has made a preliminary showing of the typicality and adequacy requirements of Rule 23, which is all that is required at this stage in the litigation. *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1136 (C.D. Cal.

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:25-cv-03177-WQH-DEB

2

1999). Mr. Therrell is typical of the other class members insofar as he acquired Skye Bioscience, Inc. ("Skye") securities between November 4, 2024 and October 3, 2025, both dates inclusive (the "Class Period"), and was damaged as a result. Mr. Therrell does not have any interests adverse to the class, and he is ideally suited to serve as the lead plaintiff given his experience hiring and overseeing attorneys for real estate and estate planning matters. *See* ECF No. 3-6.

With the largest financial interest in the outcome of the action and having made the preliminary showing of typicality and adequacy, Mr. Therrell is entitled to the presumption of being the "most adequate plaintiff". 15 U.S.C. § 78u-4(a)(3)(B). For these reasons, Mr. Therrell respectfully requests that the Court grant his motion in its entirety and deny Mr. Simon's competing motion.

## II.     ARGUMENT

### A.     The PSLRA Process for Selecting a Lead Plaintiff

Under the PSLRA, this Court is directed to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

In interpreting the PSLRA, the Ninth Circuit formulated a clear process for selecting a lead plaintiff. *See Doherty v. Pivotal Software, Inc.,* No. 3:19-cv-03589-CRB, 2019 U.S. Dist. LEXIS 195360, at \*12-13 (N.D. Cal. Nov. 8, 2019); *In re Stitch Fix, Inc. Sec. Litig.,* 393 F. Supp. 3d 833 (N.D. Cal. 2019); *Abrams v. Intuitive Surgical, Inc.,* No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at \*5 (N.D. Cal. Nov. 18, 2013) (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)). "[T]he courts must compare the financial stakes of the various plaintiffs, determine which has the most to gain from the lawsuit, and determine whether that plaintiff satisfies Rule 23, particularly its typicality and adequacy requirements." *Id.* (citing *In re Cavanaugh*, 306 F.3d at 730). The movant with the largest financial interest and satisfies Rule 23, is then the "presumptive lead plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d at 730. "If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Id.* Third, the court must then consider any competing lead plaintiff movants attempts to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23. *Id.*

**B.**      **Mr. Therrell Is the "Most Adequate" Lead Plaintiff**

***1.***      ***Mr. Therrell Possesses the Largest Financial Interest.***

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Mr. Therrell is entitled to that presumption because, relative to the other movant, Mr. Therrell's losses are far greater. In accordance with *In re Olsten Corp. Sec. Litig.* and *Lax v. First Merchants Acceptance Corp.*, "courts use the *Lax-Olsten* four-factor test to approximate economic losses: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Crews v. Rivian Auto., Inc.,* No. 2:22-cv-01524-RGK-Ex, 2022 U.S. Dist. LEXIS 118795, at *9 (C.D. Cal. July 1, 2022) (internal quotations removed). *see also Lax v. First Merchants Acceptance Corp.,* No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

Of the four factors, "[c]ourts in the Ninth Circuit have tended to give the final factor the most emphasis." *Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.,* No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452, at *14 (C.D. Cal. Sep. 29, 2017). When calculating approximate losses, practitioners and courts

routinely use the "last-in-first-out" or "LIFO" methodology. *See, e.g., Ferreira v. Funko, Inc.*, No. 20-cv-02319-VAP (PJWx), 2020 U.S. Dist. LEXIS 106515, at *13 (C.D. Cal. June 11, 2020) ("Courts in the Ninth Circuit tend to employ the final method and to use a 'last in, first out ('LIFO') methodology.'") (citations omitted); *Scheller v. Nutanix, Inc.*, No. 19-cv-01651-WHO, 2021 U.S. Dist. LEXIS 112372, at *12 (N.D. Cal. June 10, 2021) ("The LIFO method matches a movant's first share sold with its most recent share purchased to determine losses."; *Chung Luo v. Spectrum Pharms., Inc.*, No. 2:21-cv-01612-CDS-BNW, 2022 U.S. Dist. LEXIS 134113, at *9 (D. Nev. July 28, 2022) ("In fact, no law requires this Court to give equal weight to the *Olsten-Lax* factors, nor does the law require this Court to apply *Dura* to adjust a prospective plaintiff's alleged loss prior to the dismissal stage of a lawsuit."); *Twitchell v. Enovix Corp.*, No. 23-cv-00071-SI, 2023 LX 94728, at *28 (N.D. Cal. Apr. 28, 2023) (relying on LIFO calculations presented in the parties' opening briefs).

In this instance, Mr. Therrell is the movant with the largest loss under two of the four factors, including the most important factor, approximate loss suffered.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Randall Scott Therrell | 125,552 | 25,335 | $198,634.04 | $165,426.08 |
| Scot Simon | 85,000 | 65,000 | $232,620.35 | $138,227.00 |

*See* ECF Nos. 3-4 and 4-2.

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:25-cv-03177-WQH-DEB

As compared to Mr. Simon, Mr. Therrell purchased 40,552 more shares, and lost $27,199.08 more. Accordingly, Mr. Therrell has the largest financial interest in this matter.

### 2. Mr. Therrell Satisfies Rule 23's Typicality and Adequacy Requirements.

Not only does Mr. Therrell possess the largest financial interest of all movants pursuant to the PSLRA and the widely accepted *Olsten/Lax* Factors, but he also satisfies the typicality and adequacy prongs of Rule 23, requiring his appointment as lead plaintiff.

Typicality exists where the claims of the representative parties "arise from the same event or practice or course of conduct that gives rise to the claims of the class members and are based on the same legal theory." *Ferrari v. Gisch,* 225 F.R.D. 599, 606 (C.D. Cal. 2004) (internal quotations removed). Mr. Therrell's claims are typical of those of other Class members because, like other Class members, he acquired Skye securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the action. Moreover, Mr. Therrell's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.

To satisfy the adequacy requirement at this stage of the proceedings, Mr. Therrell must make a preliminary showing that his interests are clearly aligned with

the members of the putative Class and whether there is evidence of any antagonism between his interests and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted). Mr. Therrell has no conflicts with other Class Members, nor is there evidence of antagonism between Mr. Therrell's interest and those of the Class.

Finally, Mr. Therrell has further demonstrated his adequacy by attesting that he is ready, willing, and able to oversee this litigation. Mr. Therrell considers himself to be a sophisticated individual. Mr. Therrell resides in Chunky, Mississippi and possesses an associate's degree. He is currently retired, but prior to that he worked in the engineering department of a steel business. Mr. Therrell has experience hiring and overseeing attorneys for real estate and estate planning matters. *See* ECF No. 3-6 (Mr. Therrell's Declaration). Further, in his certification, Mr. Therrell states his familiarity with, and willingness to take on, the duties of a lead plaintiff and class representative under the PSLRA and Rule 23. *See* ECF No. 3-3 (PSLRA Certification).

Mr. Therrell, therefore, is the movant for lead plaintiff that has the largest financial interest in the action and otherwise meets the requirements of Rule 23. Accordingly, Mr. Therrell is entitled to the presumption that he is the "most adequate plaintiff" and that he should be appointed as the lead plaintiff. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

**C.      No Movant Can Rebut the Strong Presumption in Favor of Appointing Mr. Therrell as Lead Plaintiff.**

By having timely filed a motion for appointment as the lead plaintiff, possessing the largest financial interest in the action of all movants, and sufficiently making a preliminary, *prima facie* showing of typicality and adequacy, Mr. Therrell has fulfilled the PSLRA's requirements to become the "most adequate plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii) (discussing requirements to become the "most adequate plaintiff"). Mr. Therrell, therefore, is entitled to the presumption that he shall be appointed as the lead plaintiff in the action. *See* 15 U.S.C. §78u-4(a)(3)(B)(i) (stating the court "shall appoint as the lead plaintiff" the "most adequate plaintiff"). Mr. Therrell's presumption as the "most adequate plaintiff" may only be rebutted upon proof by a class member that Mr. Therrell "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d at 741. Absent proof rebutting the presumption, Mr. Therrell is entitled to be appointed as the lead plaintiff. *See Hufnagle v. Rino Int'l Corp.,* No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771, at *16-26 (C.D. Cal. Feb. 14, 2011), *adopted*, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 16, 2011) (appointing the most adequate plaintiff where competing movants failed to submit proof of unique

defense). This is something that Mr. Simon, the only other movant, cannot do. Accordingly, Mr. Therrell's motion should be granted in its entirety.

## III.  CONCLUSION

For the foregoing reasons, Mr. Therrell respectfully requests that the Court grant his Motion and enter an order: (1) appointing Mr. Therrell as Lead Plaintiff; (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

Dated: February 9, 2026

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
aapton@zlk.com
515 South Flower Street
18th and 19th Floors
Los Angeles, CA 90071
Tel: (213) 985-7290

*Lead Counsel for Randall Scott Therrell*
*and [Proposed] Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:25-cv-03177-WQH-DEB
10

## CERTIFICATE OF SERVICE

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 515 South Flower Street, 18th and 19th Floors, Los Angeles, CA 90071. I am over the age of eighteen.

On February 9, 2026, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF RANDALL SCOTT THERRELL FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record. Executed on this 9th day of February 2026.

/s/ Adam M. Apton
Adam M. Apton